# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>MARK DONISI,<br><br>  Defendant. | No. CR06-3055-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On September 21, 2006, a superseding indictment was returned against defendant Mark Donisi, charging him with manufacturing and attempting to manufacture 100 or more plants of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and conspiracy to manufacture, distribute and possess with intent to distribute 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. On October 13, 2006, defendant Donisi filed a motion to suppress. In his motion, defendant Donisi seeks to suppress evidence seized after a search of his residence, pursuant to a search warrant issued by Chief United States Magistrate Judge John A. Jarvey. Defendant Donisi asserts that the search warrant was issued without probable cause.

Defendant Donisi's motion to suppress was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss filed a Report and Recommendation in which he recommends that defendant Donisi's motion to suppress be denied. Judge Zoss concluded that the search warrant application provided Judge Jarvey with a reasonable basis to conclude that there was a fair probability that contraband could

be found on Donisi's property. Judge Zoss further found that even if the search warrant for defendant Donisi's residence was not supported by probable cause, the law enforcement officers reasonably and in good faith relied on the search warrant and, therefore, the search is lawful under the good faith exception of *United States v. Leon*, 468 U.S. 897, 922-23 (1984). Defendant Donisi has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Donisi's motion to suppress.

## II. LEGAL ANALYSIS

### A. Standard Of Review

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, defendant Donisi has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Donisi's motion to suppress.

### B. *Objections To Report and Recommendation*

Defendant Donisi objects to Judge Zoss's conclusion that the search warrant application provided Judge Jarvey with a reasonable basis to conclude that there was a fair probability that contraband could be found on Donisi's property. Defendant Donini also objects to Judge Zoss's conclusion that even if the search warrant for defendant Donisi's residence was not supported by probable cause, the search is lawful under the good faith exception of *Leon*, 468 U.S. at 922-23. The court will begin its analysis by taking up the former objection first.

The seminal case of *Illinois v. Gates*, 462 U.S. 213 (1983), provides the standard an issuing court must follow in determining whether probable cause supports a search warrant application and, consequently, the duty of the reviewing court when considering the propriety of that determination:

> The task of the issuing magistrate is simply to make a

> practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Id*. at 238.

The question presented on review of an issuing judicial officer's determination is not whether the reviewing court would have issued the warrant based on the affidavit as presented, but whether the court which did issue the warrant had a "'substantial basis for . . . conclud[ing]' that probable cause existed." *Id*. at 238-239 (citation omitted). Thus, a reviewing court does not conduct a de novo review of the issuing judge's determination, but must instead afford it great deference. *Id*. at 236. As the United States Supreme Court explained in *Gates*:

> [W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." [*Spinelli v. United States*, 393 U.S. 410, 419, 89 S. Ct. 584, 590, 21 L.Ed. 2d 637 (1969) ]. "A grudging or negative attitude toward warrants," [*United States v. Ventresca*, 380 U.S. 102, 108, 85 S. Ct. 741, 745-46, 13 L.Ed. 2d 684 (1965)], is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; "courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner." *Id*., at 109, 85 S. Ct. at 746.

*Gates*, 462 U.S. at 236; *see United States v. Caswell*, 436 F.3d 894, 897 (8th Cir. 2006); *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995); *see also United States v. Brown*, 461 F.3d 1062, 1073 (8th Cir. 2006); *United States v. Goff*, 449 F.3d 884, 886 (8th Cir. 2006); *United States v. Stevens*, 439 F.3d 983, 997-98 (8th Cir. 2006); *United*

4

*States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006).

The Eighth Circuit Court of Appeals has weighed in on this topic as well, observing that:

> Probable cause exists when "there are sufficient facts to justify the belief by a prudent person that contraband or evidence of a crime will be found in the place to be searched.

*Gladney*, 48 F.3d at 312 (quoting *United States v. Bieri*, 21 F.3d 811, 815 (8th Cir.1994)); *see also Caswell*, 436 F.3d at 897 (noting that "the magistrate should 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'") (quoting *Gates*, 462 U.S. at 238); *United States v. Wells*, 223 F.3d 835, 838 (8th Cir. 2000) ("The evidence as a whole must provide a substantial basis for a finding of probable cause to support the issuance of a search warrant."); *United States v. Johnson*, 219 F.3d 790, 790 (8th Cir. 2000) ("Probable cause means a fair probability that contraband or evidence of a crime will be found in a particular place given the circumstances set forth in the affidavit.") (quoting *United States v. Tellez*, 217 F.3d 547 (8th Cir. 2000) (in turn quoting *United States v. Horn*, 187 F.3d 781 (8th Cir. 1999) (internal quotation marks omitted)). Equally on point is the observation of Justice (then Judge) Kennedy:

> For probable cause to exist, a magistrate need not determine that the evidence sought is in fact on the premises to be searched, or that the evidence is more likely than not to be found where the search takes place. The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.

*United States v. Peacock*, 761 F.2d 1313, 1315 (9th Cir. 1985), *cert. denied*, 474 U.S.

847 (1985) (emphasis added in part) (citations omitted). Where, as here, the issuing United States Magistrate Judge relied solely on the affidavit presented to him, "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" *Gladney*, 48 F.3d at 312 (quoting *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982), *cert. denied*, 459 U.S. 1201 (1983)).

Upon review of the record and Judge Zoss's Report and Recommendation, the court concludes that Judge Zoss correctly concluded that there was a substantial basis to support Judge Jarvey's finding of probable cause to search defendant Donisi's residence. The court recognizes that the Eighth Circuit Court of Appeals has held that "punctilious paragraph-by-paragraph dissection of the supporting affidavit" is not the appropriate standard of review. *United States v. Townsley*, 843 F.2d 1070, 1076 (8th Cir. 1988); *see United States v. Leisure*, 844 F.3d 1347, 1354 (8th Cir. 1988) (declining to "undertake a piecemeal dismemberment of the various paragraphs of the affidavit without attention to its force as a whole."). Rather, the court acknowledges that a determination of probable cause depends on a reading of the affidavit as a whole. *Gates*, 462 U.S. at 237. Here, Judge Zoss considered the affidavit as a whole.

The search warrant application was supported by the affidavit of Gregory Brugman, a Special Agent with the Iowa Division of Narcotics Enforcement assigned to the DEA Task Force who has over two decades of experience as a law enforcement officer working in narcotics enforcement. In his affidavit, which was dated August 1, 2006, Brugman stated a cooperating individual ("CI") had debriefed with law enforcement on June 29 and 30, 2006, and had provided detailed information about Donisi's marijuana growing operation at Donisi's rural residence on Raven Avenue between Sheffield and Rockwell, Iowa. Special Agent Brugman indicated in his affidavit that the CI stated Donisi was a

6

teacher in either Rockwell or Mason City, and that Donisi was assisted in his marijuana operation by John Barker and two other men. Special Agent Brugman also indicated in his affidavit that the CI had told him that he began buying marijuana from Barker sometime in 2004, and that Barker had, in turn, told the CI that Barker had been brought into the marijuana operation by Donisi because of Barker's plant cultivation experience.

Special Agent Brugman also averred that the CI had told him that he personally visited the marijuana growing operation at Donisi's residence four or five times in 2005 and had been given tours of the operation by Donisi and Barker. The CI admitted to personally purchasing 80 to 100 pounds of marijuana from the operation in 2005 and indicated he was to have full partner status in the operation in the current harvest season. The CI described a growing operation in which Donisi would cultivate marijuana plants in a hydroponics laboratory in his basement until the plants were viable enough to move outdoors. Donisi then would transplant the marijuana plants into a cornfield behind his house. The CI described how Donisi irrigated the marijuana plants using linked garden hoses that were connected to Donisi's house. Once the marijuana plants ripened, Donisi would cut them down and dry them in his machine shed. The CI told Brugman that he had assisted Donisi in processing and packaging the marijuana for sale. Although the CI stated the cornfield in which Donisi had grown his marijuana plants was behind Donisi's house, in July 2006, when the CI provided officers with the property's exact address, the CI stated the field now contained soybeans and the CI did not know the current location of the marijuana field. DEA agents, in order to corroborate the CI's information, determined that Donisi was listed as the owner of the residence where the CI said the marijuana operation was located. The DEA agents also learned Donisi formerly was a school teacher in Mason City, Iowa. The agents further learned that Barker was the brother of an individual who had been prosecuted in this district for conspiracy to distribute marijuana

7

and possession with intent to distribute marijuana. Special Agent Brugman also described in his affidavit how DEA officers conducted surveillance of farm fields surrounding Donisi's property. He noted that these DEA officers found there was a soybean field behind Donisi's property, just as the CI had indicated. Special Agent Brugman also stated that these DEA officers had observed that a corn field was directly across from Donisi's property. The DEA officers located a footpath into the corn field that began at the end of the field directly across from Donisi's property. The officers then obtained permission to inspect the corn field from the farmer who owned it. In the corn field, near the footpath, the officers found 300 to 400 feet of linked garden hose running along a furrow in the field, beginning at the edge of the field closest to Donisi's property. The officers followed the hose into the corn field, where they located five rows containing 250 to 300 marijuana plants, each three to four feet tall. Thus, the officers had located an ongoing marijuana grow operation identical to the one described by the CI, only located in a corn field on another side of Donisi's property. Here, it was logical to conclude, given the evidence of the ongoing marijuana growing operation clandestinely hidden in a corn field adjacent to Donisi's property, that Donisi was still engaged in marijuana trafficking and that evidence of his operation could be found at his residence. It is important to remember that "'in the case of drug dealers, evidence is likely to be found where the dealers live.'" *United States v. Newton*, 389 F.3d 631, 635 (6th Cir. 2004) (quoting *United States v. Jones*, 159 F.3d 969, 975 (6th Cir. 1998) (internal citations omitted)). Thus, viewing the affidavit in a common sense manner, the court cannot say that the issuing United States Magistrate Judge, Judge Jarvey, did not have a substantial basis to believe that the items sought in the warrant would be found at Donisi's residence. The court, therefore, overrules this objection to Judge Zoss's analysis of the search warrant.

      The court notes that even if the search warrant application here was deficient, the

search is lawful under the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984). In *Leon*, the United States Supreme Court held that evidence obtained pursuant to a subsequently invalidated search warrant need not be excluded from the prosecution's case in chief if the executing officers acted in objectively reasonable reliance on the issuing court's determination of probable cause and technical sufficiency. *Id.* at 922-23. "[A]bsent allegations that the [issuing judge] was not neutral, 'suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *United States v. Fulgham*, 143 F.3d 399, 401 (8th Cir. 1998) (quoting *Leon*, 468 U.S. at 926). The court finds no evidence in the record to suggest that Judge Jarvey did not remain neutral and detached when making his probable cause determination. No evidence suggests that Judge Jarvey "wholly abandoned his judicial role." *See Leon*, 468 U.S. at 923 (stating that suppression remains an appropriate remedy when the issuing judge wholly abandons his judicial role). In addition, because DEA Task Force officers knew that Judge Jarvey had found the search warrant affidavit sufficient, the court concludes that their reliance upon the issued search warrant was reasonable. Therefore, the court also overrules defendant Donisi's objection as to Judge Zoss's *Leon* analysis.

### III.  CONCLUSION

Therefore, for the reasons set forth above, the court, upon a *de novo* review of the record, accepts Judge Zoss's Report and Recommendation and **denies** defendant Donisi's motion to suppress (#28).

**IT IS SO ORDERED.**

**DATED** this 5th day of January, 2007.

                                             _____
                                             MARK W. BENNETT
                                             U. S. DISTRICT COURT JUDGE
                                             NORTHERN DISTRICT OF IOWA